IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lola Turner, ) | C/A No. 0:13-1212-JFA-PJG |
|           Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security, ) | |
|           Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Lola Turner ("Turner"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that this matter should be remanded for further consideration as explained below.

**ADMINISTRATIVE PROCEEDINGS**

In November 2009, Turner applied for DIB and SSI, alleging disability beginning January 1, 2007. Turner's applications were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on October 13, 2011, at which Turner, who was represented by Mark Dunning, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on December 9, 2011 denying benefits and concluding that Turner was not disabled. (Tr. 11-23.)

Turner was born in 1964 and was forty-two years old at the time of her alleged disability onset date. (Tr. 128.) She has a high school education and past relevant work experience as a cashier at a fast food restaurant, an assembly worker, and a packer. (Tr. 199, 202.) Turner alleged disability since January 1, 2007 due to "knee problems, arthritis in arms, shoulder, lower back, depression, blood pressure." (Tr. 198.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since January 1, 2007, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).
   \* \* \*
3. The claimant has the following severe impairments: osteoarthritis of the knees; arthritis in the right shoulder; and degenerative disk disease (20 CFR 404.1520(c) and 416.920(c)).
   \* \* \*
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
   \* \* \*
5. . . . [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). . . . [S]he is able to lift or carry up to 20 pounds occasionally and 10 pounds frequently. . . . [S]he can sit, stand, or walk for up to six hours each out of an eight-hour workday. However, she must be allowed to change positions at will. She can frequently balance but she can only occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl. . . . [S]he cannot climb ladders and she must avoid concentrated exposure to hazards. She is limited to no more than occasional overhead reaching on her right side and . . . she cannot perform any routine or repetitive overhead reaching with the right shoulder. Lastly, . . . she is limited to the performance of unskilled work.
   \* \* \*
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
   \* \* \*
7. The claimant was born . . . [in] 1964 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).



8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13-23.) Turner submitted additional evidence to the Appeals Council, which denied her request for review on March 5, 2013, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform her past relevant work; and

    (5)    whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).

Page 4 of 9



v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Turner raises the following issues for this judicial review:

Issue 1    Before an ALJ may rely on VE testimony, she must obtain a reasonable basis for any conflict with the DOT. The ALJ limited Turner to unskilled jobs which permit a sit/stand option, yet failed to define the frequency of the sit/stand option when questioning the VE. Because the ALJ failed to provide a proper hypothetical to the VE, her reliance on the VE's testimony was improper.

Issue 2    Where new evidence is submitted to the Appeals Council that is sufficiently material that it might have affected the Commissioner's final decision, the Meyer case requires that evidence be weighed. In this case there was such evidence, and it has not been weighed. Where there is new and material evidence submitted at the Appeals Council, and where that evidence might have affected the findings of the fact-finder, must the case be remanded so that Commissioner can weigh that evidence?

(Pl.'s Br., ECF No. 12.)

## DISCUSSION

Although Turner raises two issues for this judicial review, the court finds for the reasons discussed below that remand is warranted on the second issue and therefore addresses this issue first. As explained by Turner in her brief, this issue stems from the fact that after the ALJ's decision, Turner submitted new opinion evidence to the Appeals Council from one of Turner's treating physicians, Dr. Robert LeBlond, a pain management specialist.  At the time of the ALJ's decision, the record did not contain any opinion from any of Turner's treating physicians. Turner subsequently obtained and submitted to the Appeals Council (1) a medical source questionnaire dated April 23, 2012 from Dr. LeBlond, indicating that if Turner attempted to work an eight-hour day five days per week that she would probably have to rest away from the work station for significantly more than an hour during the working portion of the day and that Turner's impairments have existed since July 2011 (Tr. 637); and (2) a letter dated June 7, 2012 from Dr. LeBlond discussing Turner's condition, including his opinions based on clinical examinations and her MRI, and opining that Turner "is not going to be able to attend any activity without having to rest, to relieve stress on her back, for several hours during any 8." (Tr. 638.)  The Appeals Council admitted into the record and considered this additional evidence. (Tr. 1, 6.)  However, the Appeals Council summarily stated that it found that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2.)  According to Turner, the new evidence warrants remand for further consideration by the ALJ under controlling law.  In light of the circumstances and contents of this record, the court is constrained to agree.

The United States Court of Appeals for the Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011).  In determining whether the Commissioner's final

Page 6 of 9



decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*)).  If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted.  Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits).  The Meyer Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence.  See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

    Although the ALJ had opinions from two consultative examiners, as stated above, the record did not contain an opinion from any treating physician at the time of the ALJ's decision.  As stated above, the Appeals Council is not required to explain its reasoning in denying review.  However, the court cannot tell whether the Commissioner's decision is supported by substantial evidence based on the circumstances of this case because the Appeals Council did not provide any explanation for its finding that Dr. LeBlond's opinions did not provide a basis for changing the ALJ's decision.  Specifically, the court finds that the ALJ may well change her opinion in light of the additional evidence from Dr. LeBlond.  See Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*) ("Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome.").  This is especially so in light of the fact that the ALJ's residual functional capacity assessment includes capabilities inconsistent with Dr. LeBlond's



opinions. Moreover, with addition of an opinion from Turner's treating pain specialist available, the ALJ may well conclude that Dr. LeBlond's opinions are entitled to controlling weight—or at least, after applying the required factors in 20 C.F.R. § 404.1527(c)(2) and § 416.927(c)(2), to great weight. Although the Commissioner argues that Dr. LeBlond's opinions are inconsistent with his treatment notes, without this analysis, the court is constrained to recommend that this matter be remanded.

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Turner's remaining issue, as it may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Turner may present her remaining argument on remand.

## RECOMMENDATION

For the foregoing reasons, the court finds that remand is warranted pursuant to Meyer and therefore recommends that this matter be remanded to the Commissioner so that the ALJ can consider the additional evidence from Dr. LeBlond.

                                                                            Paige J. Gossett
                                                                            UNITED STATES MAGISTRATE JUDGE

June 18, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).